## CIRCUIT COURT OF ROCKBRIDGE COUNTY

Van McClellan

v.

Young Life, Inc.

December 17, 2004

Case No. CL03-117

BY JUDGE MICHAEL S. IRVINE

This matter came to be heard on the 30th day of September 2004, upon the Motion for Judgment filed by the plaintiff seeking money damages for injuries allegedly sustained by the plaintiff while attempting to ride a contraption called the "Big Swing" at a camp facility operated by the defendant in Rockbridge County, Virginia. The defendant filed a "Special Plea of Charitable Immunity." The purpose of the hearing on September 30, 2004, was solely to consider such plea.

The Court has considered the evidence presented, the argument of counsel, and the memoranda submitted. For purposes of the determination of the issues, the evidence presented was, for the most part, undisputed. The issues are: (1) whether the defendant was, at the time of the accident, a charitable, tax-exempt, nonprofit organization operating in accordance with its stated purposes; and (2) if the defendant was such an organization operating in accordance with such purposes, was the plaintiff a beneficiary of such "charitable purposes"?

The "Restated Articles of Incorporation" recited the purposes of the defendant as "[1] to promote evangelistic Christian testimony among adolescents by any and every means as God directs, and [2] to establish and maintain places for public worship." The Court finds that such purposes are in fact charitable.

Furthermore, the court finds that the defendant's facility was being operated consistently with those purposes. Although, during the summer months, the camp was used largely as a camp for adolescents, during the "off season" (when the plaintiff was using the camp), the camp was used by other organizations for spiritual retreats. It was during one of such retreats that the plaintiff was injured. Providing the facilities for such a retreat was in furtherance of the defendant's stated charitable purposes of promoting Christianity and to establish and maintain places for public worship. The plaintiff was at the facility for the purpose of using same in connection with the activities of the "Men's Retreat." The purposes of "Men's Retreat" were aligned with those of the defendant. The activities included gospel speakers, bible study, and recreational activities. It is clear that the plaintiff was at the facility as a participant with the "Men's Retreat." As such, he was a beneficiary of the charitable purpose of the defendant.

Accordingly, the Court finds that the evidence proved that the defendant was, at the relevant time, a charitable, tax-exempt, nonprofit organization operating in accordance with its stated charitable purposes and the plaintiff was a beneficiary of such charitable purposes at the time of his injury. The fact that the plaintiff paid a fee to "Men's Retreat" who in turn paid a fee to the defendant does not mean that the camp was being operated for gain or profit. To the contrary, the evidence showed a fee was charged merely to offset expenses of the defendant in pursuing its overall mission. Therefore, the Special Plea of Charitable Immunity is sustained.

The plaintiff previously requested leave to amend the Motion for Judgment to allege a claim of "negligent hiring" or "negligent retention," which allegations would not be subject to a defense of charitable immunity. However, in his memoranda, the plaintiff claims that paragraph 10(j) of the Motion for Judgment is sufficient to make such claims and amendment of the Motion for Judgment is not necessary. The court considers this position to be the plaintiff's withdrawal of his request to amend.

Paragraph 10(j) of the Motion for Judgment alleges, "Defendants failed to adequately train and supervise their employees or agents who installed the equipment on the Plaintiff." This allegation does not say anything about hiring or retention. The exception in Virginia to the charitable immunity defense only applies to "hiring" and "retention," not "supervision" or "training." Accordingly, the Plea of Charitable Immunity is sustained as to all of the allegations in the Motion for Judgment.